Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412

Attorney for Plaintiff Jose Luis Ramirez

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS RAMIREZ,<br><br>                    Plaintiff,<br>v.<br><br>BERKELEY POLICE DEPARTMENT; and DOES 1-50,<br><br>                    Defendants. | Case No. CV 07-5701 JL<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; FALSE IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |

**GENERAL ALLEGATIONS**

1.   Plaintiff JOSE LUIS RAMIREZ (hereinafter "Plaintiff") is an individual plaintiff of Hispanic descent, DOB 7/15/1979.

2.   Defendant, the BERKELEY POLICE DEPARTMENT (hereinafter "BPD"), is located at 2100 Martin Luther King Jr. Way, Berkeley, CA 94704.

3.   At all times relevant herein, Officer L. DOSIER (hereinafter "DOSIER") was a police officer working for BPD and bearing badge number 119.

4.   At all times relevant herein, Officer A. BABER (hereinafter "BABER") was a police officer working for BPD and bearing badge number 116.

5.   The true names and capacities, whether individual, corporate, associate or otherwise of Defendants sued herein as DOES 1 through 50 inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek

INITIAL COMPLAINT                           1                    CASE NUMBER  CV 07-5701 JL

leave of the court to amend this complaint when the true names and capacities have been ascertained.

**FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS**
**42 U.S.C.A. § 1983**

6.      Plaintiff was arrested by BPD on or about September 13, 2007 on suspicion of SECOND DEGREE ROBBERY, California Penal Code section 211 (also charged under Penal Code sections 1192.7(c), 667.5(c)(9), 12022.5(a) and 12022.53(b)).  The arresting offices were L. DOZIER and A. BABER.  In addition, BPD charged Plaintiff with the "Street Terrorism Clause" (PC 186.22(b)(1)) - *committing an offense for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members*.

7.      Plaintiff was held in the BPD jail facility for two days.  Thereafter he was transferred to the Santa Rita State facility located in Dublin, California, where he was held until his release on October 1, 2007. In total, Plaintiff was held in jail for approximately three weeks.

8.      Plaintiff was released on October 1, 2007 after the Alameda County District Attorney's office confirmed he did not commit any of the crimes charged.

9.      There is a substantial history of confrontation between Plaintiff and BPD.  In his youth, Plaintiff was a member of a gang known as "West Side Berkeley" (hereinafter "WSB").  Between the ages of approximately 14 and 16 Plaintiff suffered his scrimmages with the law.   However, as Plaintiff grew older he matured out of WSB entirely.  Nevertheless, Plaintiff remained friends with some of the former gang members, whom had also matured out of the gang years ago.

10.     A supplemental report prepared by one SERGEANT DELALUNA of BPD strongly suggests that BPD has failed to recognize Plaintiff's maturity into a working and responsible, law-abiding citizen.  The report, prepared on the day of his arrest, reflects that on not less than eleven times over a period of seven years, BPD had intimidated and harassed Plaintiff without cause or reason.  The entries universally state that on the various dates,

"Ramirez was contacted by BPD," with little more information. It appears that BPD contacted Ramirez for no other reason than observing him with other adult males whom had once also belonged to WSB, but whom had also matured into responsible law-abiding citizens long ago. Moreover, on one or more entries on the supplemental report, Plaintiff alleges that the material allegations are entirely wrong and fabricated, and thus incapable of support from the BPD records themselves.

11. Plaintiff alleges that BPD had deliberately singled him out and intentionally prepared the above-said supplemental report to try to justify holding him in jail for a extensive period of time. Plaintiff further alleges that BPD intentionally submitted false information on its supplemental report in support of its efforts to prolong Plaintiff's incarceration ("detention").

12. Plaintiff alleges that the mere charge of the "Street Terrorism Clause" (PC 186.22(b)(1) - *committing an offense for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members*), a charge without any factual basis whatsoever, further proves a wrongful motive and intention on the part of BPD to confine and incarcerate Plaintiff for a crime he never committed.

13. Plaintiff alleges that BPD's actions were not objectively reasonable in light of the facts and circumstances. In particular, Plaintiff alleges that it was extremely unreasonable for BPD to hold him in jail for approximately three weeks before taking whatever action BPD and/or its agents took to determine he was not the perpetrator of the crimes charged.

14. Plaintiff alleges that this litigation is necessary and mandatory in order to permanently stop the BPD's harassment of Plaintiff and to deter BPD from ever engaging in the outrageous conduct described above, namely holding Plaintiff in jail for weeks before releasing him for crimes he did not commit. The final unjustified incarceration was the "last straw," and indeed one Plaintiff cannot forgive due to the tremendous suffering he has

1  endured while in jail.  Moreover, Plaintiff has lost substantial income because he was unable
2  to go to work during his incarceration, and thus Plaintiff further claims recovery of his lost
3  income due to BPD's wrongful confinement and incarceration.

4        WHEREFORE, Plaintiff prays for a Judgment against BPD for all actual, general,
5  special, and consequential damages suffered by Plaintiff, as well as for imposition of punitive
6  damages sufficient to deter BPD from engaging in the above-described wrongful activities.
7  Plaintiff seeks said Judgment under 42 U.S.C.A. § 1983, along with an award of fees and costs
8  as authorized by statute, and such other and further relief as the Court deems proper
9  according to proof.

10 **SECOND CAUSE OF ACTION FOR FALSE IMPRISONMENT**

11       Plaintiff incorporates by reference all of the general allegations and factual recitals
12 contained above, and pleads as and for a SECOND cause of action as follows:

13       15.    BPD intentionally confined Plaintiff in jail from approximately September 13,
14 2007 to October 1, 2007.

15       16.    Plaintiff did not consent to his confinement.

16       17.    BPD had no lawful privilege to confine Plaintiff for the length of time specified
17 above.  At most, BPD may have had a lawful privilege to confine Plaintiff for a period of
18 three days.  However, Plaintiff believes BPD did not likely have sufficient probable cause
19 to extend a lawful privilege to confinement of Plaintiff even for a period of three days.

20       WHEREFORE, Plaintiff prays for a Judgment against BPD for all actual, general,
21 special, and consequential damages suffered by Plaintiff, as well as for imposition of punitive
22 damages sufficient to deter BPD from engaging in the above-described wrongful activities.
23 Plaintiff further seeks an award of fees and costs as authorized by statute, and such other and
24 further relief as the Court deems proper according to proof.

25 **THIRD CAUSE OF ACTION FOR**
26 **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

27       Plaintiff incorporates by reference all of the general allegations and factual recitals
28 contained above, and pleads as and for a THIRD cause of action, based on information and

belief, as follows:

18. Plaintiff alleges that BPD and its authorized employees and/or agents intentionally held him in jail for a period of three weeks to inflict emotional distress upon Plaintiff, perhaps due to a prejudice by BPD against Plaintiff.

19. Plaintiff has suffered severe emotional distress while held in jail, and further, severe upset and humiliation as a result of the unlawful incarceration.

WHEREFORE, Plaintiff prays for a Judgment against BPD for his pain, suffering, and mental anguish caused by his wrongful confinement and wrongful incarceration. Plaintiff further prays for an award of punitive damages as BPD's wrongful confinement and incarceration of Plaintiff was intentional, unjustifiable, oppressive, and extreme and outrageous to the extent required by law to justify an award of punitive damages.

**FOURTH CAUSE OF ACTION FOR
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff incorporates by reference all of the general allegations and factual recitals contained above, and pleads as and for a FOURTH cause of action, based on information and belief, as follows:

20. BPD and its authorized employees and/or agents negligently inflicted severe emotional distress upon Plaintiff by negligently and wrongfully confining him in jail from approximately September 13, 2007 to October 1, 2007.

WHEREFORE, Plaintiff prays for a Judgment against BPD for his pain, suffering, and mental anguish caused by his wrongful confinement and wrongful incarceration.

Dated: November 18, 2007

_____
Andrew W. Shalaby, Attorney for Plaintiff