1  ZACH COWAN, Acting City Attorney        SBN 96372
   MATTHEW J. OREBIC, Deputy City Attorney  SBN 124491
2  Morebic@ci.berkeley.ca.us
   2180 Milvia Street, Fourth Floor
3  Berkeley, CA 94704
   TEL.:  (510) 981-6950
4  FAX.:  (510) 981-6960

5  Attorneys for Defendant CITY OF BEKELEY

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                         **SAN FRANCISCO DIVISION**

11

12  | **JOSE LUIS RAMIREZ,** | NO. C 07 05701 MMC |
    |---|---|
13  | Plaintiff, | **DEFENDANT CITY OF BERKELEY'S ANSWER TO COMPLAINT** |
14  | v. | |
15  | **BERKELEY POLICE DEPARTMENT; and DOES 1-50,** | |
16  | | |
17  | Defendants. | |

18

19     Defendant City of Berkeley, incorrectly sued herein as the Berkeley Police Department,

20  answers plaintiff's Complaint filed November 18, 2007 as follows:

21     1.  Defendant admits the allegations of Paragraphs 1, 3 and 4.

22     2.  Answering Paragraph 2, defendant admits the Berkeley Police Department (BPD) is

23  located at 2100 Martin Luther King, Jr. Way, Berkeley, CA 94704, but denies the remaining

24  allegations.

25     3.  Answering Paragraph 5, defendant lacks sufficient information to respond, and

26  therefore, denies the allegations therein.

27  //

28  //

**FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983**

4. Answering Paragraph 6, defendant admits that on September 13, 2007, Officer L. Dozier arrested plaintiff for a violation of Penal Code section 211, but denies the remaining allegations.

5. Answering Paragraph 7, defendant lacks sufficient information to respond, and therefore, denies the allegations therein.

6. Answering Paragraph 8, defendant denies the Alameda County District Attorney's office "confirmed" plaintiff did not commit any crime, and denies the remaining allegations due to lack of sufficient information.

7. Answering Paragraph 9, defendant denies a prior history of "confrontations" and/or "scrimmages" with police officers or "the law" because these words mischaracterize the nature of the prior contacts between plaintiff and police officers, but rather, defendant admits there have been many prior contacts between plaintiff and police officers, and that plaintiff's gang membership relates to West Side Berkeley, but otherwise deny the remaining allegations based on lack of information.

8. Answering Paragraph 10, due to lack of information, defendant denies that plaintiff has matured into a working and responsible, law-abiding adult, but admits Sgt. Delaluna prepared a report on September 13, 2007 regarding plaintiff, and denies the remaining allegations therein.

9. Defendant denies the allegations of Paragraph 11.

10. Answering Paragraph 12, defendant denies that BPD charged plaintiff with a violation of Penal Code section 186.22(b)(1), and denies the remaining allegations.

11. Answering Paragraph 13, defendant denies BPD held plaintiff in jail for approximately three weeks, and denies the remaining allegations.

12. Defendant denies the allegations of Paragraph 14.

**SECOND CAUSE OF ACTION FOR FALSE ARREST**

13. Defendant admits plaintiff was arrested on September 13, 2007, but otherwise denies

the allegations of Paragraphs 15 and 17.

14. Defendant admits the allegation of Paragraph 16.

### THIRD CAUSE OF ACTION FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15. Defendant denies the allegations of Paragraph 18.

16. Defendant denies the allegations of Paragraph 19 due to lack of information.

### FOURTH CAUSE OF ACTION FOR
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

17. Defendant denies the allegations of Paragraph 20.

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff's Complaint, and each cause of action therein, fails to state sufficient facts to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff was negligent, reckless and careless in and about the matters alleged in the Complaint, and such negligence, recklessness and carelessness was the sole and/or contributing proximate cause of the injuries and damages, if any there were. Therefore, plaintiff is either barred from any recovery, or any recovery awarded must be reduced in proportion to the amount that plaintiff's conduct contributed to the alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that plaintiffs' injuries and damages, if any there were, were not caused by any improper act by defendants, but by other persons beyond the control of these answering defendants.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times herein mentioned, defendants' actions and the actions of its employees were privileged under applicable statutes and case law.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the state law claims in the Complaint are barred by operation of California Government Code and Penal Code, including but not limited to Government Code

sections 815, 815.2, 818, 818.8, 820.2, 820.4, 820.8, 821.6, and 822.2 and California Penal Code sections 835a and 847.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' tort claims are barred for failure to comply with the California Tort Claims Act.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff failed to mitigate his damages, if any there were.

WHEREFORE, defendant prays that:

1. the Court give judgment for defendant;
2. the Court award defendant costs of suit herein incurred;
3. that plaintiff take nothing by his Complaint; and
4. for such other and further relief as the Court may deem proper.

Dated: December 12, 2007                Respectfully submitted:

ZACH COWAN, Acting City Attorney
MATTHEW J. OREBIC, Deputy City Attorney

By:    /s/
           MATTHEW J. OREBIC
       Attorneys for Defendant CITY OF BERKELEY

4
CITY OF BERKELEY'S ANSWER