ZACH COWAN, ACTING CITY ATTORNEY (SBN 96372)
MATTHEW J. OREBIC, DEPUTY CITY ATTORNEY (SBN 124491)
E-mail:  MOrebic@ci.berkeley.ca.us
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Phone: (510) 981-6950
Fax:    (510) 981-6960

Attorneys for Defendant
CITY OF BEKELEY

ANDREW W. SHALABY (SBN 206841)
Shalabylaw@aol.com
7525 Leviston Avenue
El Cerrito, CA 94530
Phone:  (510) 528-8500
Fax:     (510) 528-2412

Attorneys for Plaintiff
JOSE L. RAMIREZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOSE LUIS RAMIREZ,**<br><br>                                   Plaintiff,<br>v.<br><br>**BERKELEY POLICE DEPARTMENT; and DOES 1-50,**<br><br>                                   Defendants. | Case No. C07 05701 MMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>DATE: March 14, 2008<br>TIME:  10:30 a.m.<br>DEPT:  Ctrm. 7, 19th Floor |

The parties hereby submit their Joint Case Management Statement.

**Jurisdiction and Service:**

Jurisdiction is proper.  Plaintiff alleges a violation of his federal constitutional rights under 42 U.S.C. § 1983 and related state tort claims.   Service is complete and defendant has answered.

1

JOINT CASE MANAGEMENT STATEMENT ~ Case No. C07 05701 MMC

**Facts:**

    a.    Plaintiff's Statement Of Facts

Plaintiff was arrested by BPD on or about September 13, 2007 on suspicion of SECOND DEGREE ROBBERY, California Penal Code section 211 (also charged under Penal Code sections 1192.7(c), 667.5(c)(9), 12022.5(a) and 12022.53(b)). The arresting offices were L. DOZIER and A. BABER. In addition, BPD charged Plaintiff with the "Street Terrorism Clause" (PC 186.22(b)(1)) - committing an offense for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members. Plaintiff was held in the BPD jail facility for two days. Thereafter he was transferred to the Santa Rita State facility located in Dublin, California, where he was held until his release on October 1, 2007. In total, Plaintiff was held in jail for approximately three weeks.

Plaintiff was released on October 1, 2007 after the Alameda County District Attorney's office confirmed he did not commit any of the crimes charged.

There is a substantial history of confrontation between Plaintiff and BPD. In his youth, Plaintiff was a member of a gang known as "West Side Berkeley" (hereinafter "WSB"). Between the ages of approximately 14 and 16 Plaintiff suffered his scrimmages with the law. However, as Plaintiff grew older he matured out of WSB entirely. Nevertheless, Plaintiff remained friends with some of the former gang members, whom had also matured out of the gang years ago.

A supplemental report prepared by one SERGEANT DELALUNA of BPD strongly suggests that BPD has failed to recognize Plaintiff's maturity into a working and responsible, law-abiding citizen. The report, prepared on the day of his arrest, reflects that on not less than eleven times over a period of seven years, BPD had intimidated and harassed Plaintiff without cause or reason. The entries universally state that on the various dates, "Ramirez was contacted by BPD," with little more information. It appears that BPD contacted Ramirez for no other reason than observing him with other adult males whom had once also belonged to WSB, but

whom had also matured into responsible law-abiding citizens long ago. Moreover, on one or more entries on the supplemental report, Plaintiff alleges that the material allegations are entirely wrong and fabricated, and thus incapable of support from the BPD records themselves.

Plaintiff alleges that BPD had deliberately singled him out and intentionally prepared the above-said supplemental report to try to justify holding him in jail for a extensive period of time. Plaintiff further alleges that BPD intentionally submitted false information on its supplemental report in support of its efforts to prolong Plaintiff's incarceration ("detention").

Plaintiff alleges that the mere charge of the "Street Terrorism Clause" (PC 186.22(b)(1) - committing an offense for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in criminal conduct by gang members), a charge without any factual basis whatsoever, further proves a wrongful motive and intention on the part of BPD to confine and incarcerate Plaintiff for a crime he never committed.

Plaintiff alleges that BPD's actions were not objectively reasonable in light of the facts and circumstances. In particular, Plaintiff alleges that it was extremely unreasonable for BPD to hold him in jail for approximately three weeks before taking whatever action BPD and/or its agents took to determine he was not the perpetrator of the crimes charged.

Plaintiff alleges that this litigation is necessary and mandatory in order to permanently stop the BPD's harassment of Plaintiff and to deter BPD from ever engaging in the outrageous conduct described above, namely holding Plaintiff in jail for weeks before releasing him for crimes he did not commit. The final unjustified incarceration was the "last straw," and indeed one Plaintiff cannot forgive due to the tremendous suffering he has endured while in jail. Moreover, Plaintiff has lost substantial income because he was unable to go to work during his incarceration, and thus Plaintiff further claims recovery of his lost income due to BPD's wrongful confinement and incarceration.

      b.    <u>Defendant's Statement Of Facts</u>

At 4:12 a.m. on September 13, 2007, the Berkeley Police Department received a report

of an armed robbery via gun at "C&M Meat Company" at 2843 San Pablo Avenue by two males wearing ski masks.  The victim was the storeowner and the robbers had made off with approximately $500 in cash.  The storeowner described one of the two robbers as a white or Hispanic male, about 6'4" tall, wearing dark clothing, white tennis shoes, and who spoke Spanish.  Both robbers left the scene on foot.

At 4:20 a.m., the description of the suspects was broadcast to officers in the field.  At 4:25 a.m., Officer Ana Barber detained plaintiff Jose Luis Ramirez who was on a bicycle seven blocks north of the robbery scene.  Plaintiff is a Hispanic male, 6'1" tall, and he was wearing a black short-sleeved T-shirt, blue jeans, and white tennis shoes.  Plaintiff was the only person in the entire area and was riding away from the robbery scene.  Officer Barber knew plaintiff from several prior contacts involving crimes or incidents such as leaving the scene of a shooting, graffiti, and drinking in public.  Officer Barber also had information plaintiff was associated with persons who had been arrested for robbery previously.  Given plaintiff's close match to the description of the robber, plaintiff's proximity in time and place to the robbery, plaintiff's direction of travel, the lack of any other persons in the entire area, and Officer Barber's prior knowledge of plaintiff's police contacts and association with others previously arrested for robbery, Officer Barber stopped plaintiff for an investigative detention (a *Terry* stop).

Within 10 minutes, the storeowner was driven in a patrol car to the location where plaintiff was being detained.  The storeowner positively identified plaintiff as one of the two armed robbers based on his clothing, shoes, height, weight, and appearance.  Accordingly, plaintiff was arrested for robbery and transported to the City jail for booking where his outer clothing and tennis shoes were booked as evidence.

At the Police Station, Sgt. Patricia Delaluna, a gang-activity expert advised that plaintiff was a member of a street gang known as West Side Berkeley or WSB, a gang of about 50 members and an unknown number of associates, the primary activity of which is the commission of the crimes included in Penal Code section 186.22(e).  Sgt. Delaluna noted plaintiff is a self-identified WSB gang-member known as a "shot caller," meaning a senior gang member

from who other members need permission to carry out gang activities. Plaintiff's chest tattoo is a WSB gang insignia. Between 1994 and 2007, there are at least 24 documented police incidents or contacts in which plaintiff is in direct association with WSB gang members. WSB gang members tend to carry out crimes with the assistance of another gang member. Here, two persons committed the robbery together. Accordingly, a charge for a violation of Penal Code 186.22(a) (criminal street gang activity) was added to the arrest charge of robbery.

The District Attorney filed criminal complaint and plaintiff was arraigned in Alameda County Superior Court the next day, September 14, 2007. From Court, plaintiff was transferred to the Alameda County Santa Rita Jail. Plaintiff was in the City of Berkeley's custody only on September 13 and 14, 2007. Thereafter, plaintiff was held in the County Jail pursuant to a pending criminal complaint charged by the District Attorney. The District Attorney then dismissed the criminal complaint due to the storeowner later stating that plaintiff's white tennis shoes that had been booked as evidence appeared slightly different than the white tennis shoes he recalled the robber wearing. The County Jail released plaintiff at that time.

**Legal Issues:**

1. Whether plaintiff was subject to false imprisonment under 42 U.S.C. Section 1983 due to an allegedly improper charge of gang activity.
2. Whether plaintiff was subject to false imprisonment under state tort law due to an allegedly improper charge of gang activity.
3. Whether plaintiff was subject to negligent infliction of emotional distress or intentional infliction of emotional distress under state tort law due to an allegedly improper charge of gang activity.
4. Whether various immunities bar plaintiff's claims.

**Motions:**

Defendant will move for summary judgment.

**Amendment of Pleadings:**

None anticipated.

**Evidence Preservation:**

The City will preserve the police records, of course.

**Disclosures:**

Disclosures have not yet been made by either side.

**Discovery:**

The federal rules of civil procedure will be adequate to govern discovery.

**Class Actions:**

Not applicable.

**Related Cases:**

None.

**Relief:**

Plaintiff seeks damages and attorney's fees.

**Settlement and ADR:**

The parties stipulated to ENE.

**Consent to Magistrate Judge For All Purposes:**

The parties would consent to a Magistrate Larson, LaPorte, or Spero.

**Other References:**

None suitable.

**Narrowing of Issues:**

None at this time.

**Expedited Schedule:**

Not needed.

**Scheduling:**

To be discussed at the Case Management Conference.

**Trial:**

March 2009 requested.

**Disclosure of Non-Party Interested Entities or Persons:**

None known.

**Other**

None.

RESPECTFULLY SUBMITTED,

ZACH COWAN, ACTING CITY ATTORNEY
MATTHEW J. OREBIC, DEPUTY CITY ATTORNEY

Dated:   March 6, 2008          By _____/s/_____
                                Matthew J. Orebic
                                Attorney for Defendant CITY OF BERKELEY

LAW OFFICES OF ANDREW SHALABY

Dated:   March 6, 2008          By _____/s/_____
                                Andrew Shalaby
                                Attorney for Plaintiff JOSE RAMIREZ