Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412

Attorney for Plaintiff Jose Luis Ramirez

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS RAMIREZ,<br><br>                             Plaintiff,<br><br>v.<br><br>BERKELEY POLICE DEPARTMENT; and DOES 1-50,<br><br>                             Defendants. | Case No. CV 07-5701 JCS<br><br>DECLARATION OF ANDREW W. SHALABY IN SUPPORT OF PLAINTIFF'S PEREMPTORY CHALLENGE OF MAGISTRATE JOSEPH C. SPERO |

I, Andrew W. Shalaby, declare as follows:

1. I am the attorney for Plaintiff Jose Luis Ramirez.

2. Today, in the course of a deposition, the Honorable Magistrate Judge Joseph C. Spero presided telephonically over a discovery query related to the deposition. At the end of the deposition, opposing counsel Mr. Matthew Orebic made some statements which subsequently caused concern to my client. I sat and spoke with my client for about half an hour after the deposition concluded, and he expressed concerns that the Honorable Judge Spero may have known Mr. Orebic in a manner he believed to have been suggested by Mr. Orebic so as to possibly prejudice him in this action. I do not interject my opinion, but present this declaration pursuant to 28 U.S.C. section 144 pursuant to the desire of my client for the reasons set forth below.

3. Plaintiff believes he heard Mr. Orebic state something to the effect that he had a considerable amount of experience and personal familiarity with Hon. Magistrate Spero, and believes he heard the statement and/or otherwise interpreted it so as to indicate or suggest that Mr. Orebic was certain he would prevail due to his relationship, whatever it may be or may have been in the past, with Magistrate Spero. Plaintiff was particularly concerned that Mr. Orebic stated something to the effect of "*I know Magistrate Spero* [personally implied in context], *and I am 100% certain we shall prevail in this case before him.*"

4. I have never appeared before Magistrate Spero but for one case management conference, and briefly today during a teleconference. I have no personal reason to believe Magistrate is prejudice as to *myself*, and there are no motions or matters pending at this time, but *Mr. Ramirez himself* strongly believes that based on Mr. Orebic's statements, whether deemed disclosures of some sort or merely opinions, Magistrate Spero may perhaps be prejudiced against him and in favor of Mr. Orebic's client, the Berkeley Police Department. I do not find any bad faith at all on Plaintiffs' part in requesting reassignment of this matter to a different judge or magistrate, and the action is in its early stages, therefore no prejudice to any party will result by reassignment.

5. Plaintiff has a good faith belief, whether right or wrong, that Mr. Orebic and Magistrate Spero may have a relationship or familiarity with one-another that would prejudice Plaintiff and cause Magistrate Spero to rule in favor of the Berkeley Police Department for reasons which would not be related to the merit of the action. To the Honorable Magistrate Spero and to Mr. Orebic, I respectfully request that you please take no offense by Plaintiffs' subjective belief. I respectfully reiterate to Mr. Orebic what Plaintiff told him earlier today, namely that Plaintiff has now been jailed three separate times then released with respect to crimes he never committed, therefore he is understandably a bit sensitive to any possibility of prejudice, as he had explained

1  to Mr. Orebic earlier today.

2      6.    On behalf of Plaintiff Jose Ramirez, I hereby submit his request that this matter be assigned to a different Judge or Magistrate pursuant to 28 U.S.C. § 144 (*U.S. v. Escobar* 803 F.Supp. 611, 613 (E.D.N.Y.,1992)), and hereby certify that this declaration and the bases for presenting this application requesting assignment to a different Judge or Magistrate are presented in good faith.[1]

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and within my personal knowledge, and where opinions are specified, said opinions are within my best judgment.

Executed May 15, 2008 in El Cerrito, CA        _/s/ Andrew W. Shalaby_

                                                Andrew W. Shalaby

---

[1] 28 U.S.C. § 144 provides -

*Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.*

*The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.*

**PEREMPTORY CHALLENGE, HON. J.C. SPERO**        CV 07-5701 JCS