1   ZACH COWAN, Acting City Attorney          SBN 96372
    MATTHEW J. OREBIC, Deputy City Attorney   SBN 124491
2   Morebic@ci.berkeley.ca.us
    2180 Milvia Street, Fourth Floor
3   Berkeley, CA 94704
    TEL.:  (510) 981-6950
4   FAX.:  (510) 981-6960

5   Attorneys for Defendant CITY OF BEKELEY

6

7                   **UNITED STATES DISTRICT COURT**

8                 **NORTHERN DISTRICT OF CALIFORNIA**

9                   **SAN FRANCISCO DIVISION**

10

11  **JOSE LUIS RAMIREZ,**                  **NO.  C 07 05701 JCS**

12          Plaintiff,                      **DEFENDANT CITY OF BERKELEY'S**
    v.                                      **OPPOSITION TO PLAINTIFF'S**
13                                          **RECUSAL MOTION AND REQUEST**
    **BERKELEY POLICE DEPARTMENT,**         **FOR SANCTIONS**
14
            Defendant.
15

16

17          Plaintiff's recusal motion (incorrectly titled "peremptory challenge") should be denied

18  because it is not based on any fact.  Undersigned defense counsel does not "know" Magistrate

19  Judge Spero personally, and has only appeared before him a handful of times.  There has never

20  been any other contact between undersigned defense counsel and Magistrate Judge Spero.

21  Obviously, such brief and limited professional interaction does not form the basis of a "close

22  personal relationship" needed to support a recusal motion.  *In re Allied-Signal, Inc.,* 891 F.2d

23  974, 976 (1st Cir. 1989).  A federal magistrate judge is obligated not to recuse himself when there

24  is no reason to question his impartiality.  *New York City Housing Develop. Corp. v. Hart,* 796

25  F.2d 976, 980 (7th Cir. 1986).  Accordingly, recusal is not appropriate here.

26          **Request for Sanctions:**

27          The main purpose of Rule 11 is to deter baseless filings.  *Townsend v. Holman*

28  *Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990).  A non-frivolous argument presupposes

                                          1

1   reasonable research and investigation.  *Berwick Grain Co., Inc. v. Illinois Dept. of Agriculture,*

2   217 F.3d 502, 504 (7th Cir. 2000).  Defense counsel said something to the effect of:  "I know

3   Judge Spero *from having appeared before him*" and I am certain he will dismiss this case on

4   summary judgment.   Even if plaintiff's counsel did not recall the qualifying phrase "from having

5   appeared before him,"  plaintiff's counsel never asked defense counsel to clarify any casual

6   statement about Magistrate Judge Spero or how he might rule in this case.  This is a complete

7   failure to investigate.  There is also nothing in the case law to have prompted plaintiff's

8   counsel's recusal motion in that a close personal relationship is required for recusal.  *In re Allied-*

9   *Signal, Inc., supra*.  Plaintiff's motion does not come close to suggesting such a relationship

10  exists.  Quite the contrary, plaintiff's counsel admits he does not believe there is any basis for

11  this motion, but that he filed it solely pursuant to "his client's desire."  Shalaby Decl. at 1:26.

12      This motion is frivolous.  There was no investigation, no research as to the proper

13  standard, and no good faith basis for the motion.  It was merely done to satisfy the client and no

14  other reason.  Plaintiff's counsel has a duty not to file a frivolous motion, and therefore, the

15  sanction is properly made against him, not his client.  *Berwick Grain Co., Inc., supra.*

16      Defense counsel is a litigator with 22 years experience and lead counsel on all police civil

17  liability matters for a mid-size Bay Area city.  Accordingly, the City of Berkeley requests

18  plaintiff's counsel be ordered to pay $900 sanctions to the City for three hours of defense

19  counsel's time opposing this matter (this includes the travel time for the hearing) at the rate of

20  $300 per hour.

21

22  Dated:  May 15, 2008                    Respectfully submitted,

23                                          ZACH COWAN, Acting City Attorney
                                            MATTHEW J. OREBIC, Deputy City Attorney

24

25                              By:    /s/ Matthew J. Orebic
                                          MATTHEW J. OREBIC
26                                      Attorneys for Defendant City of Berkeley

27

28

2

DEF'S OPPOS. TO PLNT'S RECUSAL MOTION AND REQ FOR SANCTIONS
USDC NO. C 07 05701 JCS